REED and others, Copartners, *v.* LAWRENCE and others.

SAME *v.* CHASE and others.

(*Circuit Court, S. D. Michigan, W. D.*   September 19, 1887.)

REHEARING—NEWLY-DISCOVERED EVIDENCE—ADJUDICATION DE NOVO.
    Upon a rehearing, for the purpose of considering the effect of newly-discovered evidence as to the validity of reissue No. 9,148, of the Garver patent, dated April 13, 1880, when such evidence is not sufficient to disturb the decree, the circuit court will not make the rehearing the pretext for adjudicating upon the controversy *de novo*, it having twice been heard before a justice of the supreme court, although the circuit court has serious doubt of the correctness of the superior decision.

On Rehearing. For opinion on former decision and rehearing, see 25 Fed. Rep. 94, and 29 Fed. Rep. 915.
*W. G. Howard* and *J. W. Osborn*, for complainants.
*Edwards & Stewart* and *John R. Bennett*, for defendants.

SEVERENS, J. The newly-discovered evidence in these causes having been brought in, they have been reargued before the circuit and district judges, and upon consideration thereof the court holds that, although there are marks of suspicion upon it which fairly provoke criticism, the evidence must be regarded as establishing the fact that Willett did in fact for many years use a harrow, with teeth constructed as claimed by the defendants; that the use was sufficient to make it public within the meaning of that term; that the use had been discontinued and gone out of sight when the Garver patent was issued; but we do not hold that the recollection of it was so far obliterated as to prevent its being an anticipation of that patent, if intrinsically sufficient. We are of the opinion, however, that the Willett harrow cannot be regarded as a sufficient development of the features of the Garver patent, sustained by the former decree in this case as to constitute it such an anticipation as would invalidate the patent; it was a casual but vague and inchoate conception of the principles developed in Garver's invention. If, as has been settled in this litigation, until the supreme court shall have expressed its opinion upon the subject otherwise, the hay rakes and teeth in evidence in these causes, having the same conformation and attachments, or substantially so, with their adaptation to some parts of the work of a

harrow pointed out in the specifications on which patents had issued, so that all that remained for the inventor to do was to widen and stiffen the teeth, did not anticipate Garver's invention, it is impossible to hold that the Willett harrow anticipated it.

The argument on the present hearing covered (and almost necessarily so) the whole range of the cases upon their merits, and it was stoutly claimed on behalf of the defendants that we should now adjudicate upon the controversy *de novo.* Although, if we were at liberty to go over the ground already passed by the court at former hearings, we would have great difficulty in reaching the results already attained by adjudication thereon, and especially in regard to the validity of the second reissue of the Garver patent, still the fact is to be remembered that these adjudications have been made by a judge whose great abilities ought to insure respect, and (what we are constrained to think would be obligatory upon us,) whose superior rank in the judicial order should restrain us from annulling his decisions. The cases have been twice heard, before the justice of the supreme court allotted to this circuit.

It would be doing violence to the rightful and decorous course of judicial practice, if upon the pretext of a rehearing, had for the purpose of considering the effect of newly-discovered evidence, which it is found cannot disturb the decree, we should proceed to overhaul the result hitherto declared by superior authority, however widely we might differ, if the matter were fairly open to us.

The result is that the decree made on the rehearing in 1885, and which was vacated for the purpose of letting in the newly-discovered evidence, must be restored.

JACKSON, J., concurs in this opinion.